IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2001 Session

# BRENNCO INCORPORATED v. CITY OF CHATTANOOGA BETTER HOUSING COMMISSION

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 99-0847     Hon. W. Frank Brown, III., Chancellor**

**FILED JUNE 6, 2001**

**No.E2000-01508-COA-R3-CV**

Plaintiff's action for an order restraining defendant from demolishing plaintiff's buildings was ultimately dismissed, after plaintiff failed to meet conditions set by the Court to keep the restraint in place.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Harry K. Hays, Chattanooga, Tennessee, for Appellant, Brennco, Inc.

Kenneth O. Fritz, Chattanooga, Tennessee, for Appellee, City of Chattanooga, Tennessee.

## OPINION

In this action plaintiff obtained a restraining order, restraining the defendant from demolishing plaintiff's buildings.  After a series of hearings and continuances, the Chancellor dismissed the action, and plaintiff has appealed.

When Brenda O'Linger, President of plaintiff corporation, was apprised of the City's intent to demolish the properties for failure to repair, this action was instituted on July 30, 1999, and the Court issued a restraining order on that date. Then on August 12, 1999, an on-site hearing was

held, and as a result, the Trial Judge entered an Order stating the plaintiff would submit architectural and engineering drawings and plans for work on the buildings to defendant by August 31, and as a further condition, the plaintiff was to apply for a building permit, as well as clean out combustibles and secure all of the buildings. If these conditions were not met, the plaintiff would then have fifteen days to demolish the buildings, and if plaintiff did not, the City could proceed with demolition.

Another hearing was held on August 31, wherein plaintiff's witnesses explained that some tasks had been completed, but that others would take more time to accomplish, and as a result, the previous Order was set aside and the restraining order continued. Plaintiff, however, was ordered to advise the City of the status of the loan application by November 5, 1999, and also to advise the City immediately if the loan was refused. If the plaintiff failed to obtain financing, the City was authorized to begin demolition, but if the loan was approved, and closed by March 1, 2000, the plaintiff would have fifteen days thereafter to begin renovation.

In February of 2000, plaintiff moved to extend the time, and furnished a letter from the loan representative stating the loan could not be closed until June. The Court held another hearing and required the plaintiff to submit a firm commitment application and underwriting documents to HUD by April 17, 2000, and if the plaintiff did not meet the April 17 deadline, the City could begin demolition on May 1 if plaintiff had not obtained a loan or begun demolition on its own.

On May 24, 2000, plaintiff filed a Motion for Reconsideration, asking the court to keep the defendant from beginning demolition, because plaintiff's final loan request to HUD had not been submitted due to inconsistent figures from the contractor.

The City again filed a Motion to Dismiss, and on June 5, 2000, the Court held another hearing and subsequently entered an Order denying plaintiff's Motion to Reconsider and dismissed the action now on appeal. The Court also restrained the City from beginning demolition, pending the outcome of this appeal upon plaintiff's making bond.

On appeal, plaintiff argues that its due process rights were violated because Ms. O'Linger allegedly did not receive notice of "imminent" demolition, and refers to "return receipt" cards from 1998 that were addressed to O'Linger. However, the only actions which took place in 1998 were the hearings before the Better Housing Commission, and Ms. O'Linger testified she appeared at those hearings, and/or was made aware of the orders through her attorney. The record shows that copies of the orders were sent to the owner's address of record, and that the BHC meetings were advertised in the local newspaper, and further that condemned signs were posted in the buildings. Defendant's Minutes reflect that O'Linger was present and participated in the hearings, that her concerns were expressed, and she was granted time to begin renovation.

We find no merit in the plaintiff's issue regarding notice, since Ms. O'Linger actually attended the meetings of which she claims she had no notice.

Next, plaintiff argues that the City failed to follow its own Code regarding notice and the posting of signs. The City Code sections which are attached to plaintiff's Brief demonstrate that the City did follow its code, as it posted condemnation signs on the buildings, and mailed notice to Ms. O'Linger's address as shown in the public records, pursuant to Ordinance sections 21-19 and 21-20. We find no evidence in the record to indicate that the City failed to follow its Code.

We conclude the Chancellor acted appropriately in this case, since the Order that was entered dismissing this action came after he gave the plaintiff almost a year to obtain financing for the proposed renovations, and there was nothing to indicate that financing would be obtained in the near future. Moreover, two years had passed since plaintiff was first asked to appear before the BHC regarding the condition of the property. Plaintiff was given ample opportunity to rehabilitate the property, and the Trial Court's Order dismissing plaintiff's action was warranted on the facts.

We affirm the judgment of the Trial Court and remand, with cost of the appeal assessed to Brennco Incorporated.

_____
HERSCHEL PICKENS FRANKS, J.